**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 28 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) 4:17-cv-627-JLH ) ) |
| v. | ) **COMPLAINT** ) ) |
| CRAIN AUTOMOTIVE HOLDINGS, LLC d/b/a CRAIN AUTOMOTIVE | ) **JURY TRIAL DEMAND** ) ) |
| Defendant. | ) This case assigned to District Judge _Holmes_ ) and to Magistrate Judge _Volpe_ |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Judith Vaughan who was adversely affected by such practices. As alleged with greater particularity below, the Commission alleges Defendant Crain Automotive Holdings, LLC d/b/a Crain Automotive (Crain Automotive), failed to provide a reasonable accommodation to Judith Vaughan, a qualified individual with disabilities, during her employment and discharged her because of her disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 107(a)

of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by §107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Crain Automotive ("Defendant Employer"), a limited liability corporation owning several automotive dealerships, was doing business in the State of Arkansas and the City of Sherwood, Arkansas, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under

Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCESS

7. More than thirty days prior to the institution of this lawsuit, Judith Vaughan filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8. On August 15, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe Defendant Employer violated the ADA and ADAAA and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On August 31, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

13. Since at least February 2017, Defendant Employer engaged in unlawful employment practices at its Sherwood, Arkansas facility in violation of Title I of the ADA, 42 U.S.C. §§ 12112.

14. The unlawful employment practices include failing to provide a reasonable accommodation to Judith Vaughan during her employment for her disabilities.

   a. Defendant Employer employed Judith Vaughan as an accounts payables clerk around September 2016.

   b. Ms. Vaughan suffers from anxiety and depression. Around December 2016/January 2017, her condition worsened to include severe panic attacks.

   c. Ms. Vaughan's disabilities substantially limit her brain function.

   d. On January 31, 2017, Ms. Vaughan began to suffer chest pains while at work. After work, she went to the hospital emergency room because she believed she was experiencing a heart attack.

   e. The hospital admitted Ms. Vaughan for testing and performed cardiac catheterization. The hospital discharged Ms. Vaughan on or around February 1, 2017.

   f. Ms. Vaughan notified her supervisor about what had occurred and also told her she would call her after her doctor's appointment scheduled for February 2, 2017.

   g. While Ms. Vaughan was in the doctor's office, her supervisor telephoned her.

   h. Ms. Vaughan telephoned her supervisor after her doctor's appointment. She told her supervisor she was suffering from anxiety and depression and that she had suffered a panic attack on January 31 and not a heart attack.

   i. Ms. Vaughan also told her supervisor she would report to work on February 3, 2017.

   j. Ms. Vaughan reported to work on February 3, 2017. Shortly after her

arrival at work, Ms. Vaughan experienced another panic attack.

k. Ms. Vaughan tried calling her supervisor to tell her she had to leave work. Her supervisor, however, had taken leave for that day.

l. Because Ms. Vaughan could not reach her supervisor by telephone, she sent an email to her. In the email message, Ms. Vaughan told her supervisor she "can't do this" and that she was still hurting. She also wrote, "I am sorry. I tried."

m. Ms. Vaughan also told the receptionist she was leaving, but did not provide a reason to the receptionist.

n. Ms. Vaughan left the office and immediately visited her doctor.

o. Later that same day, Ms. Vaughan emailed the controller. Ms. Vaughan told the controller she had a heart catheterization earlier during the week, had to return to the doctor because of complications, and had tried to reach her supervisor by telephone and email.

p. Ms. Vaughan told the controller she had attached the doctor's note, (a letter), to the email and the doctor's office said feel free to call.

q. The doctor's letter, which Ms. Vaughan failed to attach, dated February 3, 2017, stated the doctor saw Ms. Vaughan in his office on February 3, 2017 and he requested Defendant Employer excuse Ms. Vaughan from work until February 27, 2017. The doctor note also said if Defendant Employer had questions regarding Ms. Vaughan, please do not hesitate to call and provided a telephone number.

r. Upon receiving Ms. Vaughan's email, the controller responded that Ms. Vaughan left work without telling anyone and she and Ms. Vaughan's immediate supervisor would need to meet on Monday, February 6, 2017.

s.   Ms. Vaughan responded to the controller's email and again advised she left work due to another panic attack.

t.   When Ms. Vaughan told the controller she experienced another panic attack, it constituted the second time Ms. Vaughan had advised Defendant Employer of her medical condition.

u.   By telling Defendant Employer about her medical condition and disabilities and why she left the workplace, Ms. Vaughan requested a reasonable accommodation.

v.   Neither supervisor ever asked whether Ms. Vaughan needed an accommodation. Defendant Employer failed to engage in the interactive process with Ms. Vaughan.

w.   Defendant Employer's failure to grant Ms. Vaughan's request for an accommodation resulted in her eventual discharge as alleged in Paragraph 14 above and Paragraph 17 below.

15.   The effect of the practices complained of in Paragraph 14 above, has been to deprive Ms. Vaughan of equal employment opportunities and otherwise adversely affect her status as an employee because Defendant Employer failed to provide a reasonable accommodation during her employment and failed to engage in the interactive process for her disability.

### DISCHARGE BECAUSE OF KNOWN DISABILITIES

16.   Since at least around February 2017, Defendant Employer engaged in an unlawful employment practices at its Sherwood, Arkansas facility in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

17.   The unlawful employment practices include discharging Ms. Vaughan

because of her disabilities.

    a.    The Commission incorporates by reference, Paragraph 14 a through w.

    b.    On or around February 7, 2017, Ms. Vaughan met with Defendant Employer about leaving the work place without approval.

    c.    During the meeting, Ms. Vaughan explained again she left the workplace because of panic attacks.

    d.    Defendant Employer told Ms. Vaughan she needed to take leave and time off for herself to concentrate on her health.

    e.    Defendant Employer failed to grant leave and time off to Ms. Vaughan as reasonable accommodations under the Americans with Disabilities Act.

    f.    Defendant Employer discharged Ms. Vaughan because of her disabilities, anxiety and depression and panic attacks.

    g.    Defendant Employer terminated Ms. Vaughan's employment because of conduct inextricably linked to her disability.

    18.    The effect of the practices complained of in Paragraphs 14 and 17 above, has been to deprive Ms. Vaughan of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disabilities, anxiety and depression and panic attacks.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant Employer, their officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it from failing or refusing to provide a reasonable accommodation and discharging an employee because of a disability.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to make Ms. Vaughan whole, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement, or alternatively awarding her front pay and reimbursing her out of pocket medical expenses.

  D. Order Defendant Employer to make Ms. Vaughan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14 and 17 above, including living and travel expenses, and cost of replacement medical insurance, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Ms. Vaughan by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 14 and 17 above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order Defendant Employers to pay Ms. Vaughan punitive damages for its malicious and reckless conduct, as described in Paragraphs 14 and 17 above, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*Gerald L. Thornton by PBD*
**GERALD L. THORNTON**
Supervisory Trial Attorney
Tennessee Bar No. 15898

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0088

*Pamela B. Dixon*

**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office
820 Louisiana Street, Ste. 200
Little Rock, AR  72201
(501) 324-5065
pamela.dixon@eeoc.gov