IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| PLAINTIFF, | ) CIVIL ACTION NO. 4:17-cv-627-JLH ) |
| v. | ) ) |
| CRAIN AUTOMOTIVE HOLDINGS, LLC d/b/a CRAIN AUTOMOTIVE | ) ) ) |
| DEFENDANT. | ) ) |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission) and Defendant Crain Automotive Holdings, LLC d/b/a Crain Automotive (Crain) reached an agreement to resolve this case following settlement negotiations. The Parties jointly submit this Consent Decree (Decree) for the Court's approval and entry to resolve the claims of disability discrimination alleged in the Commission's Complaint.

The Commission, an agency of the United States of America, enforces federal laws prohibiting discrimination in the workplace. Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 (ADA) represent two of the federal laws enforced by the Commission.

The Commission instituted this action on behalf of Judith Vaughan. The Commission alleged in its Complaint that Defendant failed to accommodate Vaughan and then terminated her employment, all in violation of the ADA.

**Crain denies the allegations in the Commission's Complaint that it engaged in any unlawful employment practices in violation of the ADA. This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Crain of the allegations in the Complaint. The Commission and Crain have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.**

This Decree constitutes the complete and exclusive agreement of the Parties with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by all Parties. The Parties have made no representations or inducements to compromise this action other than those recited or referenced in this Decree. The Commission and Crain stipulate the terms and conditions of this Decree serve to effectuate the purposes of the ADA.

## FINDINGS

This Court has jurisdiction over the subject matter of this action and the Parties. After a careful examination of the Decree, the pleadings, and the record, this Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just. The terms of the Decree also serve the public interest in eradicating discrimination based on disability. The Decree furthers the objectives of the ADA and adequately protects the rights of the Commission, Crain, and the public interest.

If the Court does not approve this Decree, the Parties agree not to admit the Decree into evidence in any subsequent proceeding in this lawsuit.

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

## SCOPE AND DURATION OF DECREE

This Decree resolves all issues and claims arising out of the Commission's Complaint which arose from Charge No. 493-2017-00657 filed by Judith Vaughan. This Decree does not impact any pending charges, if any, that may currently exist before the Commission in the United States. Further, this

Decree does not affect the Commission's right to process any other pending or future charges that any employee may file against Crain and to commence civil actions on any such charges.

The Parties agree the United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the Commission and Crain and the subject matter of this litigation for the duration of the Decree. Neither the Commission nor Crain shall contest the jurisdiction of this Court to enforce this Decree or the rights of the Commission to monitor Crain's compliance with the Decree and to bring an enforcement action in the event Crain fails to comply with the terms of the Decree. Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and binding upon the Parties to this lawsuit for 18 months after the entry date of this Decree.

## INJUNCTIVE RELIEF

Crain, its officers, agents, servants, managers, employees, and all persons in active concert shall not discriminate against employees with disabilities. Crain shall not terminate any employee because of his or her disability. Further, Crain shall enter into the interactive process with any employee who requests an accommodation to determine if the accommodation is reasonable and if Crain can accommodate the employee without undue hardship to Crain. Crain shall not retaliate against any employee for participating in any proceeding under the ADA.

## NOTICE POSTING

Within 10 days of the entry of this Decree, Crain will post Attachment A for 6 months at Crain's corporate location and at all of its dealerships in Arkansas in a conspicuous place that Crain customarily posts notices to employees. Crain will continue to conspicuously post the most recent notice (poster) required by the ADA.

## POLICIES REGARDING DISABILITY PROCEDURES

Within 60 days of the entry of this Decree, Crain will review and revise its written policy prohibiting disability discrimination to ensure that it specifically addresses the following:

- The name and contact information to whom all requests for a reasonable accommodation may be directed;
- A detailed explanation of the process by which an employee requests a reasonable accommodation;
- If an accommodation is not granted, Crain will provide an explanation to the employee;
- A statement that Crain does not discriminate against employees because of their disabilities and does not tolerate or condone disability discrimination;
- Within 75 days of entry of this Decree (15 days after any revisions of the policy), Crain will disseminate a copy of its policy to all employees;
- Within 90 days after entry of this Decree, Crain will require all employees to read the company's revised policy and to sign an acknowledgment of receipt of the policy;
- Crain will retain a copy of the signed acknowledgment in each employee's permanent personnel file;
- The next time Crain revises its handbook, it will include a copy of the disability policy in the handbook; and
- If Crain hires a new employee prior to the revision of the handbook, Crain will provide a copy of the policy for the employee to review and sign.

### **TRAINING**

Within five months after entry of this Decree, Crain will conduct a mandatory training session for management employees employed at Crain's corporate office and Crain dealerships in Arkansas. The training will specifically state that Crain prohibits disability discrimination in the workplace and that Crain will discipline any employee, including terminating any employee, found engaging in disability discrimination.

Crain will retain a qualified consultant having specialized knowledge of the ADAAA, the interactive process, and retaliation to conduct the training session.

The training session will last two hours and include the following:

- A discussion of the Americans with Disabilities Act;
- The significant changes made by the ADA amendments;
- A discussion of Crain's disability discrimination policy;
- A discussion of the interactive process;
- The factors Crain will consider in making an individualized assessment of any employee who requests a reasonable accommodation; and
- A discussion of retaliation.

## **REPORTING**

Crain will submit a report to the Commission to EEOC-MEDO-decree monitoring@eeoc.gov, with a statement by Crain that it submits the report as required by this Decree, within 30 days following the training as follows:

- A copy of the training materials;
- The location and date of the training;
- The name(s) of the trainer(s);
- A copy of Crain's disability policy; and
- The names of the training attendees.

## **INDIVIDUAL RELIEF**

To resolve this matter, within 45 days after the entry of this Decree, Crain will pay $2,100 in back pay to Judith Vaughan; Crain is responsible for withholding all of the appropriate deductions and will issue Vaughan a W-2 for this amount. Crain will pay $25,000 in compensatory damages to Judith

Vaughan; Crain will issue a 1099 form for this amount.  Late payment will be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

Crain will email photocopies of the front and back of all checks issued to the Vaughan to [EEOC-MEDO-decree-monitoring@eeoc.gov](mailto:EEOC-MEDO-decree-monitoring@eeoc.gov).

## **NOTIFICATION OF SUCCESSORS**

Prior to any sale during the duration of this Decree, Crain will provide prior written notice to any potential purchaser of Crain's business, a purchaser of all or a substantial portion of Crain's assets, or to any other potential successor, of the Commission's lawsuit and the existence and contents of the Decree. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation will remain fully liable for compliance with this Decree.

## **ENFORCEMENT**

If Crain fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree.  The Commission will provide 10 days' notice to Crain of any deficiency in complying with the terms of the Decree.  If the Parties are unable to reach agreement regarding resolution of any such deficiency in Crain's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.  Any notice by the Commission regarding and deficiency of the Decree will be emailed to Crain's counsel at [niki.cung@kutakrock.com](mailto:niki.cung@kutakrock.com) and [bailey.knapp@kutakrock.com](mailto:bailey.knapp@kutakrock.com) and sent by certified mail to Larry Crain at Crain's office in Sherwood.

## **MISCELLANEOUS PROVISIONS**

This Decree becomes effective immediately upon entry by the Court and remains in effect for 18 months.

If the Court finds any provision of this Decree unlawful, the Court will sever only such provision and the remainder of the Decree will remain in full force and effect.

Each party will bear its own costs, attorneys' fees, and expenses.

IT IS SO ORDERED this 26th day of April 2019.

_____
**J. LEON HOLMES**
**UNITED STATES DISTRICT JUDGE**

APPROVED FOR ENTRY BY THE PARTIES:

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| **JAMES L. LEE**<br>Acting General Counsel | **BAILEY KNAPP**<br>**NIKI CUNG** |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel | KUTAK ROCK, LLP<br>234 East Millsap Road, Ste. Ste. 200<br>Fayetteville, AR 72703<br>(479) 695-1933<br>niki.cung@kutakrock.com |
| **FAYE A. WILLIAMS**<br>*s*/Faye A. Williams<br>Regional Attorney | *s*/Niki Cung<br>**NIKI CUNG** |
| */s/*Jason P. Bailey<br>**JASON P. BAILEY**<br>Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Memphis District Office<br>1407 Union Avenue, Suite 901<br>Memphis, Tennessee<br>(901) 544-0088 | |
| *s*/Pamela B. Dixon<br>**PAMELA B. DIXON**<br>Senior Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Little Rock Area Office<br>820 Louisiana Street, Suite 200<br>Little Rock, Arkansas<br>(501) 324-5065<br>pamela.dixon@eeoc.gov | |

ATTACHMENT A
NOTICE

1. Crain Automotive posts this Notice pursuant to a Consent Decree entered by the U.S. District Court for the Eastern District of Arkansas in EEOC v. Crain Automotive, Civil Action No. 4:17cv00627.

2. Crain has added to its EEO policy regarding the process for requesting a reasonable accommodation in connection with any disability.

3. Crain will provide training to its managers at its corporate office on the addition to its ADA policy.

4. Federal law prohibits disability discrimination in the workplace. This includes, but is not limited to, refusing to hire, discharging, refusing to accommodate or otherwise discriminating against any individual because of or on the basis of his or her disability.

5. Crain will continue to support and comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission and/or testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title I of the ADA, as amended.

If you believe you have been discriminated against in violation of federal law, you have the right to seek assistance from the Equal Employment Opportunity Commission by calling 1-800-669-4000 or visiting its website at www.eeoc.gov.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for 6 months from the date below and must not be altered, defaced or covered by any other material.

**SIGNED this ____ day of April 2019.**

_____
**Larry Crain**